## CIRCUIT COURT OF BATH COUNTY

Cynthia Louise Trone Crummett Cunningham

v.

Rose R. Crummett

April 2, 1980

Case No. 463

By JUDGE ROSCOE B. STEPHENSON, JR.

By this habeas corpus proceeding, the petitioner, Cynthia Crummett Cunningham, seeks the custody of her child, Charles Lewis Crummett, age 11 years, who is presently in the physical custody of the defendant, Rose R. Crummett, the paternal grandmother of Charles.

The Court has determined that it has jurisdiction to hear and decide this case. *See* Code § 8.01-654; *Walker* v. *Brooks*, 203 Va. 417, 124 S.E.2d 195 (1962). This Court has not been divested of jurisdiction by reason of defendant's petition in the Juvenile and Domestic Relations District Court. *See* Code Section 16.1-244.

Most cases involving child custody are filled with pathos. The present case is no exception.

No useful purpose would be served by a detailed statement of the facts. The evidence indicates that the petitioner and Charles's father were married when she was very young. Due to her husband's cruel treatment of her, she was compelled to leave him. At that time, Charles was a newly born baby, and he was living with his mother and his maternal grandparents. While the petitioner was temporarily away from her parents' home, her husband and the defendant came there and demanded Charles. Believing she was required by law to do so, the maternal grandmother delivered Charles to the defendant and petitioner's hus-

band. Sometime later, the defendant, petitioner's husband and Charles moved away, and the petitioner, not knowing their whereabouts, lost all contact with Charles. Her attempts to locate Charles were fruitless. Recently, because of the death of Charles's paternal grandfather, the defendant contacted the petitioner, and immediately thereafter petitioner sought custody of Charles. By a divorce decree entered in the Circuit Court of Warren County, Virginia, on March 24, 1973, the petitioner was awarded custody of Charles. Following the divorce, the petitioner remarried, and she and her present husband, along with petitioner's daughter, live in the State of Florida. The evidence indicates that petitioner's present husband is a man of good character, an energetic and successful businessman, and a devoted husband and father. The Cunninghams live in a substantial and comfortable home.

In all child custody cases, "the welfare of the child is the paramount and controlling consideration in determining who shall have custody of the child." But in cases between a parent and a third party, "[t]he strong presumption is that the best interests of the child will be served by placing it in the custody of its natural parents or surviving parent, unless such parents are unfit or unsuitable." *Phillips* v. *Kiraly*, 200 Va. 345, 351, 105 S.E.2d 855, 859 (1958). The burden is on the non-parent to show by clear, cogent and convincing evidence the existence of circumstances which would justify the separation of a child from its parent. *Berrien* v. *Green County*, 216 Va. 241, 244, 217 S.E.2d 854, 856 (1975); *Rocka* v. *Roanoke County*, 215 Va. 515, 518, 211 S.E.2d 76, 78 (1975); *Walker* v. *Brooks*, 203 Va. 417, 421, 124 S.E.2d 195, 198 (1962).

In *Walker*, the court referred to the fundamental rules which govern this type of custody as follows:

> These rules require that, as between a natural parent and a third party, the rights of the parent are, if at all possible, to be respected, such rights being founded upon natural justice and wisdom, and being essential to the peace, order, virtue and happiness of society (citations omitted).

In any such contest, the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute. This is true whether the rights of the parent are sought to be denied because it is claimed that they have been voluntarily relinquished or because the parent is unfit. In either case, the burden is upon the one seeking to sever the parent's rights to show such relinquishment or unfitness by clear, cogent and convincing proof (citations omitted). 203 Va. at 421, 124 S.E.2d at 198.

When these principles of law are applied to the facts in the present case, it is readily apparent that the court must not sever the parent-child relationship and that custody of Charles should be awarded to his mother. The court holds, therefore, that the defendant holds Charles contrary to law and that he shall be delivered into the custody of the petitioner.

In so holding, however, the court hastens to say that no criticism of the defendant is intended. Indeed, her care of Charles through the years has been very good under the circumstances. Nor has the court failed to consider the feelings and wishes of Charles. From the evidence as a whole, however, and the law applicable to this case, the petitioner must prevail.

*Forbes* v. *Haney*, 204 Va. 712, 133 S.E.2d 533 (1963), and *Yatt* v. *Gleason*, 117 Va. 196, 83 S.E. 1069 (1915), relied upon by the defendant, are not in point. In *Forbes*, the parent was shown to be a man of immoral character and in *Yatt* the parent had voluntarily relinquished the custody of his child to a third party. In the present case, neither of these situations pertains.

Although the petitioner prevails, the best interests of Charles require that his change of custody be effected with as little disruption as possible. Therefore, he shall remain with the defendant until school closes for summer vacation. Furthermore, he should visit with the defendant at reasonable times under the circumstances, including summer visits commencing with the Summer of 1981.